UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES ZIGAS | : | |
| | : | |
| VS. | : | C.A. No.: 06-498 S |
| | : | |
| ABDELLAH OUKADDE, Alias John Doe and SWIFT TRANSPORTATION CORPORATION, Alias ABC Company | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH**

The Plaintiff in the above referenced matter moves this Honorable Court to Quash Defendant's Subpoena ordering and commanding Dr. Leah Oseas-Cullen to Produce and Permit Inspection of her medical records regarding the Plaintiff. The Plaintiff seeks such Protective Order in accordance with R. I. Rules of Civ. Pro. 26 (c)(4).

In support of this, your Plaintiff states that certain matters within the above referenced medical records should not be inquired into and that the scope of discovery with respect to these records should be limited as to protect those medical records which are not pertinent to the Plaintiff's Complaint. In considering whether or not to grant a Motion to Quash Subpoena served upon opposing parties, the trial court weighs several factors: "Among the appropriate factors for consideration by the Trial Court are the following: whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence and (iii) to what extent the information sought is relevant, non-privileged and crucial to the moving party's case. *Pamida, Inc. vs. E.S. Originals, Inc.* 281 F.3d 726, 729-30 (8th Cir. 2002). In the instance case, there is a claim brought by the Plaintiff for "pain of both body and mind". Dr. Leah Oseas-Cullen, a licensed psychiatrist in the State of Rhode Island, has been treating your Plaintiff for those psychological concerns giving rise to "pain of the mind". In that

regard, Dr. Cullen has delved into areas of the Plaintiff's history which have no bearing and are not in any way crucial to the moving party's case. In fact, these areas are confidential and sensitive in nature and should be afforded all the protections of inherent therein.

In *Corvese vs. Harris Seybold Company, et al*, 637 A.2d 779 (R.I. 1994), the Rhode Island Supreme Court stated that: "Rule 26(b)(1) permits examination of a deponent regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, including the existence and description of documents". In this case, your Plaintiff would argue that certain aspects of Dr. Cullen's records are not a subject matter which is relevant to the pending action.

Your Defendant has placed the issue of "pain of mind" before this Court but would state that not all of those issues for which he has been treated are discoverable and/or relevant to the claim he has made. Your Plaintiff would also state that he is entitled to protection because certain aspects of those records are highly personal, highly sensitive, potentially inflammatory, and should be carefully protected as confidential information.

## CONCLUSION

For the above referenced reasons, your Plaintiff moves this Honorable Court to Quash certain aspects of those records being requested by subpoena on the basis that they are not relevant to the Complaint of the Plaintiff and are not crucial to the case at hand. This Court has wide discretion to review the subject matter requested by the subpoena in order to make a determination as to the issuance of Protective Orders for certain aspects of those medical records. Your Plaintiff requests such review *in camera* and further requests a Protective Order be issued regarding those certain aspects of Dr. Leah Cullen's records which are not relevant to the within action.

Plaintiff,
By his Attorney,

__/s/ Robert M. Brady________

Robert A. Brady, Esq., #2070
One Grove Avenue
Providence, RI 02903
(401) 434-2800
(401) 434-2934
bob@bradylaw.necoxmail.com