UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES ZIGAS :
:
vs. :
: C.A. No. 06-498-S
ABDELLAH OUKADDE, Alias John Doe :
And SWIFT TRANSPORTATION :
CORPORATION, Alias ABC Company :

DEFENDANT'S OBJECTION
TO PLAINTIFF'S MOTION TO QUASH

Defendant, Swift Transportation Corporation, hereby objects to the plaintiff's Motion to Quash the Keeper of the Records Subpoena served upon Leah Oseas-Cullen, M.D. In support of this objection, the defendant asserts that the requested records are necessary and relevant to the defendant's defense of this matter in that the plaintiff has claimed on-going and long-term psychological and psychiatric injuries arising from the motor vehicle accident which is the subject matter of this action. The Court is respectfully referred to the Memorandum of Law filed contemporaneously herewith.

SWIFT TRANSPORTATION
CORPORATION,
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/ Patricia A. Buckley
PATRICIA A. BUCKLEY #2987
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272
(401) 331-4404 (fax)
pbuckley@ckmlaw.com

CERTIFICATION

I hereby certify that on the 23rd day of March, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Robert M. Brady, Esq., bob@bradylaw.necoxmail.com will receive notice through the ECF system.

/s/ Patricia A. Buckley

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES ZIGAS | : | |
| | : | |
| vs. | : | |
| | : | C.A. No. 06-498-S |
| ABDELLAH OUKADDE, Alias John Doe | : | |
| And SWIFT TRANSPORTATION | : | |
| CORPORATION, Alias ABC Company | : | |

DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
OBJECTION TO PLAINTIFF'S MOTION TO QUASH

Defendant, Swift Transportation Corporation, served a keeper of the records subpoena on Leah Oseas-Cullen, M.D., the plaintiff's treating psychiatrist, on March 2, 2007. The subpoena, attached hereto as Exhibit 1 requests that the keeper of the records for Dr. Cullen produce:

> Any and all medical records concerning James Zigas, now or formerly of 32 Dickenson Ave., North Providence, RI, d/o/b 8/15/84, for each, all and every injury, disease of malady up to and including the present; including, but not limited to intake sheets, health history questionnaires, all copies of all office notes and notations; treatment notes; reports (either yours or received by others); correspondence to or from third parties such as attorneys; insurers or other health care facilities; laboratory test results; x-ray reports; CT-scans; records for payment and bills; and any other document, not already described above, relating to James Zigas. This subpoena is intended to be all-encompassing and is NOT restricted to any one accident or course of treatment.

Dr. Cullen had been previously identified by the plaintiff as his treating psychiatrist and a summary report of her findings had been provided to the

defendant by the plaintiff.[1] No office notes or other detailed records were provided – only Dr. Cullen's over-all summary. In Answers to Interrogatories provided by the plaintiff (copy attached as Exhibit 2), the plaintiff has stated that his claimed injuries include post traumatic stress disorder and major depression. Dr. Cullen's summary opines that the plaintiff will require continued "intensive" therapy for an additional 1 ½ to 2 years. Dr. Cullen has been treating the plaintiff only since *after* the accident happened. The plaintiff has also been treated by a clinical psychologist for injuries which he asserts are related to the motor vehicle accident.

The plaintiff's Memorandum filed in support of his Motion to Quash the subpoena directed to Dr. Cullen states he is attempting to protect "those medical records which are not pertinent to the Plaintiff's Complaint." He argues that the records are "confidential and sensitive in nature" and that "not all those issues for which he has been treated are discoverable and/or relevant to the claim he has made." He, therefore, requests an *in camera* review of the records so that this Court may make a determination as to any records that require protection from the subpoena. He also requests a Protective Order to limit the "examination, use and other transmittal of the records to the parties and the experts hired by the Defendants in the above referenced matter."

The defendant objects to the plaintiff's Motion and argues its position from a significant disadvantage since the defendant has no idea what subject matter is contained within the records that reflects the "confidential or sensitive" areas the

[1] Given the nature of the report, a copy has not been appended to this Memorandum. Counsel will provide a copy directly to the Court prior to the time of hearing.

plaintiff is seeking to protect. Having said this, however, the defendant asserts that since the plaintiff has squarely placed his mental health status and condition in issue in this case, it is virtually impossible to determine at this stage that any of the plaintiff's mental health records for treatment following the accident are irrelevant to these proceedings.

Given the fact that Dr. Cullen has been treating the plaintiff only since after the motor vehicle accident occurred, the defendant maintains that all of her treatment records are, necessarily, relevant to this claim. Clearly, in order for the defendant to obtain a meaningful expert review of the records and to reach reliable conclusions about the state of the plaintiff's mental health, the necessary treatment therefore and any link between the plaintiff's claimed injuries and the motor vehicle accident, it is essential that all of the issues raised by the plaintiff in the course of his treatment with Dr. Cullen be known and factored into any analysis. The plaintiff's claimed injuries of post traumatic stress disorder and depression are not the type of injuries that allow for neat relevancy determinations to be made as they might be in a case where records of a broken leg, for example, are sought where the claimed injury involves a punctured lung or other physical issue. To the contrary, the plaintiff is asking this Court to draw very fine lines about which of a number of mental health issues raised by a patient with his psychiatrist are related to his over-all mental health picture and which can be separated out of this picture. The defendant respectfully asserts that these are determinations that the Court is simply not qualified to make at this stage of the proceedings. When dealing with mental health records, there is

simply no basis for arguing that any records relating to the plaintiff's mental health – particularly those generated following the incident in question – could possibly be irrelevant to a full and complete understanding of the condition or conditions which the plaintiff claims were caused by the accident.

The defendant further respectfully asserts that these are also not the type of records that will benefit from an *in camera* review by this Court. Anyone without significant training and expertise in psychiatry is at a tremendous disadvantage when trying to determine which psychological or psychiatric issues discussed by a patient in therapy relate to a claimed injury and which issues do not. The very nature of the injury complained of prevents such an analysis from being made with any confidence by an untrained observer. It will seriously prejudice the defendant's ability to obtain an appropriate and complete expert review of the plaintiff's condition if the Court were to determine on its own, without the input of a psychiatric expert, which of the issues discussed in the course of the plaintiff's therapy are related or unrelated to the accident. Indeed, this is a factual determination that only the trier of fact should make at the appropriate time – assisted by the experts provided by the plaintiff and the defendant after a full examination of the records.

It should be noted that the defendant has no objection to a Protective Order that requires the defendant to maintain the strict confidentiality of the plaintiff's medical records (a trust the defendant is legally obligated to honor, in any case) and that would limit the dissemination of the records to the defendant, counsel for the defendant and any experts retained by the defendant.

The defendant, therefore, respectfully requests that the plaintiff's Motion be denied and that Dr. Cullen be ordered to produce the subpoenaed records without further delay.

SWIFT TRANSPORTATION CORPORATION,
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/ Patricia A. Buckley

PATRICIA A. BUCKLEY #2987
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272
(401) 331-4404 (fax)
pbuckley@ckmlaw.com

CERTIFICATION

I hereby certify that on the 23rd day of March, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Robert M. Brady, Esq., bob@bradylaw.necoxmail.com will receive notice through the ECF system.

/s/ Patricia A. Buckley