STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

JAMES ZIGAS :
:
VS. :
: C.A. No. 06-5530
ABDELLAH OUKADDE, Alias John Doe :
And SWIFT TRANSPORTATION :
CO., INC., Alias ABC Company :

**PLAINTIFF'S ANSWERS TO DEFENDANT, SWIFT TRANSPORTATION CORPORATION'S INTERROGATORIES**

1. Kindly give in detail the nature, extent and location of the injuries alleged to have been suffered by you, and those injuries suffered by you, if any, which are alleged to be permanent in nature.

**ANSWER: My physicians inform me that I sustained a cerebral concussion, nasal fracture, fracture of the right eye orbit and a nasal laceration, a displaced nasal fracture to the left and depressed anterior wall on the right, comminuted bones pushed into the sinus cavity, boney fragments pushed into the medial rectus on the right eye, fragment near the left eye and nasal septum, both fragment and pinching on the right lobe, cervical sprain, multiple facial fractures, several fractured teeth, visual loss of the left eye, traumatic optic neuropathy in the left eye, post traumatic stress disorder, major depression-single episode, chronic leg pain, chronic nasal pain secondary to recurrent mucous phlegm formation, orbital rim fracture of the left eye, a deviated septum, pain and discomfort in the lumbar and trapezius area.**

**All of the foregoing conditions are detailed in the medical records provided to the defendant.**

**To date this has been determined that the facial disfigurement and damage to the nasal area is permanent in nature. I will require future surgeries with regard to infections which have set in and which prevent me from working in areas where there is any accumulating dust.**

**My nose is essentially as soft as putty and any blow to my nose would result in significant damage, as I have been advised that there is essentially no cartilage left in my nose.**

**I experience considerable difficulty in breathing, and I am informed that this is a condition which is permanent in nature.**

2. Please state the name and address of each doctor, medical practitioner including any physical

therapists, who treated you for the injuries alleged, the date of each treatment, the nature of each treatment and an itemized statement of the charges for such treatment

**ANSWER:** **Leah Oseas Cullen, 85 Beechwood Ave., Pawtucket, RI 02860;**
**Dr. Bevivino, University Plastic Surgeons, 120 Dudley Street, Providence, RI 02905;**
**Dr. Robert G. McRae, 118 Dudley Street, Providence, RI 02905**
**Dr. Lawrence P. Stephenson, 1826 Mineral Spring, Providence, RI 02904**
**Peter D. Greenberg, M.A., 908 Reservoir Avenue, Cranston, RI 02910;**
**Dr. Peter DeBlasio, 1532 Smith Street, North Providence, RI 02911;**
**Dr. Gupta, RI Eye Clinic, RI Hospital, 593 Eddy Street, Providence, RI 02903;**
**Dr. Philip Rizzuto, Opthamoloty Consultants, 690 Eddy Street, Providence, RI 02903;**
**Open MRI of New England, 525 Broad Street, Cumberland, RI 02864;**
**Performance Physical Therapy, 129 School Street, Pawtucket, RI 02860;**
**RI Hospital Emergency Department 593 Eddy Street, Providence, RI 02903;**
**Shields MRI of Rhode Island, 695 Eddy Street, Providence, RI 02903;**
**Dr. Dinesh Bhat, 118 Dudley Street, Providence, RI 02905;**
**Dr. John Montgomery, 207 Waterman Street, Providence, RI 02906;**
**Dr. Gus Stratton, 105 Sockanosset Crossroads, Cranston, RI 02920;**

3. If you were treated in any emergency room or treatment center, or were hospitalized as a result of the alleged injuries, please state the name of the emergency room, treatment center, hospital or hospitals in which you were confined, the nature of the treatment, the dates of such treatment, an itemized statement of the charges for said treatment and care and the period of confinement or confinements.

**ANSWER: Rhode Island Hospital – 11/19/03 - $21,189.00;**

4. If you were employed or self-employed at the time of the alleged accident or incident, please state the nature of your said employment and the length of time so employed; the name and address of your employer, if applicable; your average weekly or monthly earnings at the time of the alleged accident or incident, the period of time, including dates, during which you were prevented from carrying on your usual occupation and state your actual total loss in dollars.

**ANSWER: I was not employed at the time of the accident; however, since the accident I have attempted on at least one occasion to secure employment but was force to leave that employment because the stockroom at the place of business where I was employed had a minimal amount of dust in the air. This resulted in significant sinus infection, and I am currently seeking treatment for the condition that has developed. The position that I held was that of a stock person earning $10.50 per hour. It has not been determined as yet as to whether I can return to any similar type of employment.**

5. If you were not employed at the time of the accident or incident and you are making a claim for loss of earning capacity, please state the facts upon which you base your claim and the total

amount in dollars claimed to have been lost.

**ANSWER: See Answer to Interrogatory Number 4. In addition, I cannot estimate the total amount of dollars that I will have lost as the result of my inability to maintain employment; however, this information will be forthcoming as I am advised by my physicians as to whether I can return to this type of position.**

6. Please state the name and address of each witness known by you, your attorney or any person acting on your behalf who may have any knowledge concerning the alleged accident or incident:

a. state whether a signed statement was taken from each said person(s)
b. state the names of the person(s) that you intend to call as witnesses at time of trial.

**ANSWER: None other than those individuals listed on the police report. Objecting to providing the names of all lay witnesses who my attorneys intend to call as this is beyond the scope of discovery. However, without waiving such objection and subject to further discovery, all individuals listed on the police report would have knowledge concerning the alleged accident.**

7. If you or any representative of yours at any time received any medical reports, x-ray reports, MRI studies or any other reports for any diagnostic tests from any hospitals or physicians reporting on the injuries, including any physical therapy reports for the injuries sustained in this accident or incident or any statements, reports or memoranda concerning either how the accident or incident happened or the resulting damages, please state the name and address of the person from whom the reports, statements, etc., were received, the date of each and the name and address of the person in possession or custody thereof.

**ANSWER: My attorneys are in possession of the following medical records:**

**Leah Oseas Cullen, 85 Beechwood Ave., Pawtucket, RI 02860;**
**Dr. Bevivino, University Plastic Surgeons, 120 Dudley Street, Providence, RI 02905;**
**Dr. Robert G. McRae, 118 Dudley Street, Providence, RI 02905**
**Dr. Lawrence P. Stephenson, 1826 Mineral Spring, Providence, RI 02904**
**Peter D. Greenberg, M.A., 908 Reservoir Avenue, Cranston, RI 02910;**
**Dr. Peter DeBlasio, 1532 Smith Street, North Providence, RI 02911;**
**Dr. Gupta, RI Eye Clinic, RI Hospital, 593 Eddy Street, Providence, RI 02903;**
**Dr. Philip Rizzuto, Opthamoloty Consultants, 690 Eddy Street, Providence, RI 02903;**
**Open MRI of New England, 525 Broad Street, Cumberland, RI 02864;**
**Performance Physical Therapy, 129 School Street, Pawtucket, RI 02860;**
**RI Hospital Emergency Department 593 Eddy Street, Providence, RI 02903;**
**Shields MRI of Rhode Island, 695 Eddy Street, Providence, RI 02903;**
**Dr. Dinesh Bhat, 118 Dudley Street, Providence, RI 02905;**
**Dr. John Montgomery, 207 Waterman Street, Providence, RI 02906;**

8. If you have received any money in full or partial settlement of any claim against any person, firm or corporation arising out of this incident or any benefits under the Workers' Compensation Act, please state the name and address of the person, firm or corporation from whom you received it, the date on which you received it, the amount of money received and whether or not you are willing to produce a copy of any covenant, release or discharge that may be in existence upon the defendant's request.

**ANSWER: None.**

9. If any photographs were taken of the plaintiff, the premises or scene of the accident, state by whom and when such photographs were taken, what each photograph depicts and the name and addresses of the person who now has possession of same.

**ANSWER: My attorneys are in possession of photographs depicting the damage to my vehicle which were taken shortly after the accident by my mother, Maria Zigas. They are also in possession of photographs that were taken by my attorneys depicting my injuries shortly after the accident. My attorneys are also in possession of a series of overhead or aerial photographs depicting the scene of the accident.**

10. If you received unemployment compensation or temporary disability benefits subsequent to the date of the alleged injuries, state the encompassing dates during which you received such payment, the type of payment and the total amount of the payments.

**ANSWER: Not applicable.**

11. If you have had any injuries, disease or abnormality of any kind within five years prior to or subsequent to this accident or of a permanent nature, state the date the injuries, etc. occurred and the nature, extent and location of these injuries, disease or abnormalities and the name and address of each doctor who treated you for the injuries, disease or abnormality and the dates of these treatments.

**ANSWER: Prior to this incident, I have been treated for a seizure disorder for which I was taking Depakote. I have been under the care of Dr. Gus Stratton for this condition for approximately twelve (12) years. I do not recall the exact date of each such treatment.**

12. If you have been involved in any type of accident (including automobile accident, slip and fall claims, etc.) for a period of five years prior to the instant accident or incident or at any time subsequent to the instant accident or incident or if you have had a Workers-' Compensation claim during the same period of time, set forth the date and location and the name and address for the other party or parties involved in the automobile accidents and the date of the work connected injury and the name of your employer, at the time in regard to any Workers' Compensation claim.

**ANSWER: None.**

13. If you had any type of health or accident insurance in effect at the time of the alleged

incident, please state the amount of money paid to you or any person, firm or corporation for the injuries alleged in this action, and the name and address of the person, firm or corporation making such payment.

**ANSWER: On the advice of my attorneys, I object to this question on the grounds that it seeks information which is beyond the scope of discovery and otherwise inadmissible; however, without waiving such objection I was covered under a policy of health insurance through Blue Cross/Blue Shield of Rhode Island. I do not know to what extent any of the bills have been paid by the health insurance carrier.**

14. If you, your attorney or anyone acting on your behalf have ever obtained a statement or report, either written or recorded from the defendant, set forth the name and address of the person who obtained the statement or report, the date of each and the name and address of the person who has possession of it.

**ANSWER: None.**

15. State the name and address of any person or persons whom you have retained or intend to retain as an expert witness in regard to the instant-action and their field or specialty.

**ANSWER: Dr. Jack Bevevino, Dr. Leah Cullen, Dr. Peter DeBlasio, Dr. Dinesh Bhat, Dr. Robert G. McRae, Dr. Lawrence Stephenson.**

16. As to each expert witness referred to above, set forth the following:

a. the subject matter upon which each expert is expected to testify, including the substance of the facts, opinions and/or conclusions to which the person is expected to testify and a summary of the grounds for each opinion or conclusion;

b. Description and date of each written report prepared by each expert, to include the name and address of the person having present custody or control of each report;

c. If the opinion of any expert listed above is based in whole or in part on a specific rule or principle, set forth each such rule or principle and the source;

d. If the opinion of any expert listed above is based in whole or in part on any code or regulation, governmental or otherwise, identify each such code or regulation and specifically set forth the section relied upon;

e. If the opinion of any expert listed above is based in whole or in part on any scientific or engineering textbook or other publication of any nature, identify each;

f. Set forth in detail the factual information supplied to each expert who you expect to call as a witness at the trial of this matter which was used as a basis of his or her opinion, including all objects examined, the type, place and date of examination, a description of all photographs or medical records, etc. reviewed and the name and address of each and every person who was present with the expert on each such occasion.

**ANSWER: Jack Bevivino, M.D. Dr. Bevivino is licensed to practice medicine in the State of Rhode Island. He treated Mr. Zigas for his injuries sustained as a result of the accident of November 4, 2003. Dr. Bevivino would provide his opinion with respect to the treatment**

**diagnosis, resulting disability and causal connection to the accident referenced above within a reasonable degree of medical certainty. He would also testify that the injuries sustained were proximately caused and directly flowed out of the accident which occurred on or about November 4, 2003.**

**Dr. Leah Cullen, a licensed psychiatrist in the State of Rhode Island. She treated Mr. Zigas for psychological and emotional injuries resulting from his accident of November 4, 2003. She is prepared to testify as to the treatment and diagnosis and resulting disability as it relates to the causal connection between the accident and Jim's psychiatric presentation. She is also prepared to testify that the psychiatric emotional problems that Mr. Zigas is experiencing and continues to experience were proximately caused by and directly for the accident which occurred on or about November 4, 2003.**

**Dr. Peter DeBlasio. Dr. DeBlasio is licensed to practice medicine in the State of Rhode Island. He treated Mr. Zigas for his injuries sustained as a result of the accident of November 4, 2003. Dr. DeBlasio would provide his opinion with respect to the treatment diagnosis, resulting disability and causal connection to the accident referenced above within a reasonable degree of medical certainty. He would also testify that the injuries sustained were proximately caused and directly flowed out of the accident which occurred on or about November 4, 2003.**

**Dr. Dinesh Bhat, M.D. Dr. Bhat is licensed to practice medicine in the State of Rhode Island. He treated Mr. Zigas for his injuries sustained as a result of the accident of November 4, 2003. Dr. Bhat would provide his opinion with respect to the treatment diagnosis, resulting disability and causal connection to the accident referenced above within a reasonable degree of medical certainty. He would also testify that the injuries sustained were proximately caused and directly flowed out of the accident which occurred on or about November 4, 2003.**

**Plaintiff reserves the right to Supplement this Answer as more information becomes available.**

17. If household help was required, state the name and address of such person or persons and your relationship to them, if any, and the amount paid per day to each person listed.

**ANSWER: Not applicable.**

18. If subsequent to the date of the alleged accident you have been examined by a physician in connection with an application for insurance, state the name of the insurance company.

**ANSWER: Not applicable.**

19. State the name and address of your family physician and the date upon which said family physician last examined, treated or care for you.

**ANSWER: Dr. Kenneth Sperber, 407 East Avenue, Pawtucket, Rhode Island.**

20. If you are working at the present time, please state the name and address of your employer, if any, the nature of your work, the average weekly earnings from such work and the length of time you have been engaged in such work.

**ANSWER: I am not currently working.**

21. If you have commenced an action against any other person, firm or corporation in connection with this incident, state the name or names of the parties sued and the Court in which such notions are pending.

**ANSWER: None other than the Defendants in the within matter.**

22. If you have ever been convicted under the criminal laws of any state or the Federal Government, set forth the nature of the charge, the name and location of the Court and the date of each conviction.

**ANSWER: No.**

23. Please state your full name, age, Social Security Number, marital status, residence, business and business address. Please include any other names by which you are known.

**ANSWER: James B. Zigas, 22, single, 32 Dickenson Avenue, North Providence, RI 02904. Objection to providing social security number as this same is beyond the scope of discovery. I am not known by any other names.**

24. Give a detailed chronological account of how you claim the incident in question occurred.

**ANSWER: On the date of the incident, I was traveling northbound on Route 95 when at a point some distance before the Thurbers Avenue offramp, I was stopped in traffic behind a line of cars. While at a complete stop for a brief period of time, I was suddenly and unexpectedly crushed from behind by the tractor trailer owned by the defendant Swift Transportation Co., Inc. and operated by its employee, Abdellah Oukadde. At the time of the accident, I was wearing a shoulder lap harness seatbelt, but the force of the collision was so great that it forced me into the steering wheel causing me to fracture most of the bones in my face.**

25. If you claim this defendant made any admission and/or statements regarding this incident, please state each such statement and/or admission and the name and address of any and all witnesses thereto.

**ANSWER: None at this time.**

26. State all facts upon which you rely in asserting that Abdellah Oukadde was negligent.

**ANSWER: The defendant, Oukadde, was negligent in that he failed to maintain a proper**

**lookout, failed to maintain control of a tractor trailer, improperly maintained said tractor trailer, lack sufficient training, was operating at a speed without due care for the plaintiff and other similarly situated motorists, was in violation of several federal statutes, upon information and belief, by operating a vehicle in excess of the hours permitted by federal statutes, failing to maintain a log detailing the hours operated by the defendant, and was otherwise negligent in and about the operation of the vehicle.**

27. State all facts upon which you rely in asserting that Swift Transportation Corporation was negligent.

**ANSWER: Defendant, Swift Transportation Co., Inc. failed to maintain said vehicle in a safe manner, failed to maintain logs detailing all service of said vehicle, failed to properly train the defendant, Oukadde, for operating a tractor trailer in heavy traffic. This answer shall be supplemented as additional information is disclosed through the course of discovery.**

JAMES ZIGAS

**CERTIFICATION**

I hereby certify that on the 8th day of March, 2007, I mailed a true and accurate copy of the within, postage prepaid, to: Patricia A. Buckley, Esq., One Turks Head Plaza, Suite 400, Providence, RI 02903.