UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES ZIGAS | : | |
| | : | |
| vs. | : | |
| | : | C.A. No. 06-498-S |
| ABDELLAH OUKADDE, Alias John Doe | : | |
| And SWIFT TRANSPORTATION | : | |
| CO. INC., Alias ABC Company | : | |

DEFENDANT, SWIFT TRANSPORTATION CO., INC.'S
LIMITED OBJECTION TO PLAINTIFF'S MOTION FOR ALTERNATIVE
SERVICE AND EXTENSION OF TIME TO EFFECT SERVICE

Defendant Swift Transportation Co., Inc. hereby objects to the plaintiff's Motion for Alternative Service and Extension of Time to Effect Service, ***but only insofar as*** said motion requests that the plaintiff's Affidavit of Compliance be accepted by this Court as evidencing sufficient service upon the driver, Abdellah Oukadde. Defendant has no objection to this Court ordering a form of alternative service upon Mr. Oukadde, extending the time for the plaintiff to effect service or extending the time for discovery by the 60 days requested by the plaintiff to accommodate the plaintiff's need to serve Mr. Oukadde. In support of this objection, the Court is respectfully referred to the brief Memorandum of Law filed contemporaneously herewith.

SWIFT TRANSPORTATION
CO. INC.,
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/ Patricia A. Buckley

PATRICIA A. BUCKLEY #2987
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272
(401) 331-4404 (fax)
pbuckley@ckmlaw.com

CERTIFICATION

I hereby certify that on the 11th day of June, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Robert M. Brady, Esq., bob@bradylaw.necoxmail.com will receive notice through the ECF system.

/s/ Patricia A. Buckley

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES ZIGAS :
:
vs. :
: C.A. No. 06-498-S
ABDELLAH OUKADDE, Alias John Doe :
And SWIFT TRANSPORTATION :
CO. INC., Alias ABC Company :

DEFENDANT, SWIFT TRANSPORTATION CO., INC.'S
MEMORANDUM IN SUPPORT OF ITS LIMITED OBJECTION
TO PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE
AND EXTENSION OF TIME TO EFFECT SERVICE

The plaintiff has requested that he be allowed additional time to effect service upon the Swift Transportation Co., Inc. (hereafter "Swift") former driver, Abdellah Oukadde, and that he be allowed alternative service upon him because the plaintiff has been unable to locate him. He also seeks an extension of time to complete discovery because of this service issue. Swift has no objection to these requests. In fact, in answers to interrogatories provided to the plaintiff on June 5, 2007, Swift provided an address for Mr. Oukadde that was current as of the approximate start of this law suit: 215 Eastern Avenue, Apartment 25, Manchester, New Hampshire.

Swift does, however, object to the plaintiff's request that his "Affidavit of Compliance", which recites his mailing of the summons and complaint by certified mail to Mr. Oukadde at an address where he no longer resides, be deemed sufficient service upon Mr. Oukadde under R.I.G.L. §31-7-7. The statute requires that some form of notice be employed to "apprise the nonresident of the pendency of the suit against him or her" and the mere mailing of the summons and complaint to an address where the plaintiff has knowledge that Mr. Oukadde no longer resides

does not, in any sense, apprise Mr. Oukadde of the suit against him. As noted in Zeigler v. Masterson, 284 A.2d 584, 585-6 (RI, 1971):

> The notice provision set forth in this section is designed to safeguard the nonresident's due process right to be timely apprised of the pendency of the action [FN2 omitted] so that he is afforded a reasonable opportunity to appear and be heard. Cugini v. Chiaradio, 96 R.I. 120, 189 A.2d 798 (1963); Gifford v. Spehr, Mass., 266 N.E.2d 657 (1971); Hatch v. Hooper, 101 N.H. 214, 138 A.2d 671 (1958). Constitutionally speaking, proper notice entitles a nonresident to at least know when and where he must appear and for what he must answer. Heeney v. Miner, 421 F.2d 434 (8th Cir. 1970).

Here, Mr. Oukadde has been afforded no such notice. The plaintiff has failed to provide an affidavit detailing his efforts to locate Mr. Oukadde – though he has attached as Exhibit A to his Memorandum[1] a document which appears to be a report of "no records found" relative to a search of criminal records. This, however, does not answer the question of what efforts may have been made by the plaintiff to locate Mr. Oukadde or whether it is likely that Mr. Oukadde has received notice of the pendency of the suit in some other manner. Mr. Oukadde has not been in touch with Swift to indicate that he was served or has any knowledge whatsoever about this suit. Under these circumstances it would be manifestly unjust to allow the proof of the mere mailing of the summons and complaint to Mr. Oukadde's former address to suffice as good and sufficient service.

Given the more current address that Swift has now provided to the plaintiff, it is respectfully suggested that the plaintiff may be able to obtain a return receipt for

[1] The defendant is uncertain if the Court received the plaintiff's Memorandum. The plaintiff served his Memorandum with his Motion and Affidavit of Compliance by email directly to defendant's counsel on May 29, 2007. When the CM/ECF notice of filing of the documents came from the Court the following day, the Memorandum was not served with the Motion and Affidavit.

proof of service upon mailing of the certified mail notice to Mr. Oukadde at that address. Swift also has no objection to some other form of alternative service that is determined by the Court to be likely to provide notice of the pendency of this action to Mr. Oukadde. If the Court should deem the plaintiff's Affidavit of Compliance to be sufficient for good service upon Mr. Oukadde, then counsel requests that the time within which Mr. Oukadde has to answer the Complaint in this matter be extended for a period twenty days from the date of this Court's Order.

Finally, in his memorandum, the plaintiff has specifically requested a 60 day extension of the time for discovery as a consequence of the difficulties attendant upon Mr. Oukadde's service. Swift has no objection to this request and further notes that due to the unexpected difficulties Swift has had obtaining responses to its keeper of the records subpoenas that were issued on February 27, 2007 (the plaintiff's neurologist, Dr. Stratton provided a response only today, June 11, 2007 and the Rhode Island Hospital records are still outstanding), the additional 60 days is also needed by Swift to complete its discovery, marshal the plaintiff's relevant medical records and obtain appropriate expert review of the records.

SWIFT TRANSPORTATION
CO. INC.,
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/ Patricia A. Buckley
PATRICIA A. BUCKLEY #2987
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272
(401) 331-4404 (fax)
pbuckley@ckmlaw.com

CERTIFICATION

I hereby certify that on the 11th day of June, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Robert M. Brady, Esq., bob@bradylaw.necoxmail.com will receive notice through the ECF system.

/s/ Patricia A. Buckley